UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. ECKMEYER, | ) | CASE NO. 5:05CV2925 |
| | ) | |
| Plaintiff | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | GEORGE J. LIMBERT |
| | ) | |
| | ) | |
| BRIMFIELD TOWNSHIP | ) | |
| BOARD OF TRUSTEES, et al., | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

Before the undersigned is a motion to dismiss filed by Defendants Huntington National Bank ("Bank") and Terry Neal ("Neal") (collectively "Bank Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF Dkt. # 11.  Plaintiff Kevin D. Eckmeyer has filed a response to Defendants' motion and Defendants have filed a reply.  ECF Dkt. # 25-26.  For the reasons set forth below, the Court GRANTS the motion to dismiss filed by Defendants Huntington National Bank and Terry Neal.

**I.  Background**

The following factual allegations are read in a light most favorable to Plaintiff.  In 2003, Kevin D. Eckmeyer ("Plaintiff") became the pastor of the Brimfield Community Church ("Church").  ECF Dkt. # 1, Attachment 1 at ¶ 12.  At some time, Plaintiff allegedly became aware of an attempted, fraudulent sale of Church property by Defendants Nora Hunt and Irene

-1-

Jordan. *Id*. at ¶ 15. Plaintiff brought the sale to the attention of the Church members, whom then voted to remove the offending members, Hunt and Jordan, from the Church. *Id*. at ¶ 17. Subsequently, they enlisted the aid of several other individuals, including Defendants Macel Mundy, John Klapp, and Debbie Klapp to remove Plaintiff as pastor of the Church. *Id*. at ¶ 18.

Plaintiff also alleges that Defendants Nora Hunt, Irene Jordan, Macel Mundy, John Klapp, and Debbie Klapp, with the aid of Brimfield Township, the Brimfield Township Board of Trustees, the Brimfield Township Police Department, including officers Sharon Hissom, William Reese, David Blough, David Kinar and John Doe individually (collectively "Brimfield Defendants"), brought false charges against Plaintiff regarding the alleged theft of a pool and the solemnization of marriages without a licence. ECF Dkt. # 1, Attachment 1 at ¶¶ 21, 24.

In addition, on February 11, 2004, the Brimfield Defendants under the authority of the police officers, excluded Plaintiff and other Church members from the Church property, transferred the property to the New Beginning Fellowship Church, and converted approximately $1000 of personal property allegedly belonging to Plaintiff. *Id*. at ¶¶ 30-32. In November 2004, Plaintiff was acquitted of receiving stolen goods, and in February 2005, the charge regarding the marrying of persons without a license was dismissed. *Id*. at ¶¶ 39-40.

Concurrent to the events alleged above, it was discovered that the Church's accounts with the Bank were low and as a result, the Church membership voted to change the Treasurer of the Church from Defendant Mundy to another member. ECF Dkt. # 1, Attachment 1 at ¶¶ 33-34. At the request of the Bank, the Church provided documentation that the replacement of the Treasurer had been performed according to the Church's by-laws, and thereafter, Defendant Mundy was to no longer have any access to the accounts. *Id*. at ¶¶ 34-35. Without notice, the

Bank and its officer, Neal, froze the Church's accounts at the request of Defendant Mundy, and consequently, the Church was unable to pay its bills or Plaintiff's salary.  *Id*. at ¶¶ 36, 38.  One particular check that bounced was a payment for Plaintiff's truck loan, which the Bank Defendants immediately declared defaulted and a subsequent lawsuit filed by the Bank forced Plaintiff to file bankruptcy.  *Id*. at ¶ 37.

On November 17, 2005, Plaintiff, *pro se*, filed a Complaint in the Court of Common Pleas in Summit County, Ohio, asserting claims under 42 U.S.C. § 1983, abuse of process, malicious prosecution, and civil conspiracy against the Brimfield and Bank Defendants.  ECF Dkt. # 1, Attachment 1.  On December 20, 2005, a notice of removal was filed by several of the Brimfield Defendants.  ECF Dkt. # 1.  On January 23, 2006, the Bank Defendants filed this instant motion to dismiss.  ECF Dkt. # 11.  On February 8, 2006, the parties consented to the jurisdiction of the undersigned.  ECF Dkt. # 23.  On February 27, 2005, Plaintiff filed a response to the Bank Defendants' motion.  ECF Dkt. # 25.  On March 9, 2006, the Bank Defendants filed a reply brief.  ECF Dkt. # 26.

In the Complaint, Plaintiff alleges that the Brimfield Defendants deprived him of his civil rights, and that all of the Defendants conspired to bring false criminal charges, harass, intimidate, and defame him for the purposes of removing him as pastor of the Church and depriving him of his civil rights.  ECF Dkt. # 1, Attachment 1 at ¶¶ 43, 57.  In addition to his claims of civil conspiracy and § 1983 violations, Plaintiff alleges claims of abuse of process and malicious prosecution.  *Id*. at ¶¶ 50, 54.  Plaintiff alleges that he has suffered lost income, attorney's fees for the defense of the criminal prosecutions, lost property, loss of reputation and standing in the community, and the loss of his position in the Church.  *Id*. at ¶¶ 41.  Plaintiff requests both

-3-

compensatory and punitive damages, as well as reasonable attorney's fees. *Id.* at ¶¶ 41, 46, 52, 55, 58.

The Bank Defendants argue that Plaintiff did not properly plead that Bank Defendants acted under color of law, nor did he plead facts that alleged an agreement between the Bank Defendants and the Brimfield Defendants to support a civil conspiracy claim. ECF Dkt. #s 11, 26.

In reply, Plaintiff argues that he should be given leave to amend his complaint to include the allegation that the Bank Defendants assisted and furthered the tortious conduct of the Brimfield Defendants, in order to fulfill the elements of a civil conspiracy. ECF Dkt. # 25.

**II.     STANDARD OF REVIEW**

The Court can dismiss a complaint only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995), *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all allegations contained in Plaintiff's complaint as true and construes the complaint "liberally in favor of the party opposing the motion." *Id.* at 377. While the Court accepts as true the well-pleaded allegations in the complaint, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). "When reviewing a motion to dismiss, the court should not weigh the evidence or evaluate the credibility of witnesses." *Cameron v. Seitz*, 38 F.3d 264, 270 (6th Cir. 1994). Instead, "the court should deny the motion unless it is clear that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Conley,* 355 U.S. at 45-46.

Furthermore, the Court holds a *pro se* complaint, "however inartfully pleaded," to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, courts have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. *McNeil v. U.S.*, 508 U.S. 106 (1993). Though the courts have utilized a less stringent standard in construing the pleading of a pro se litigant, the pro se complaint must satisfy basic pleading requirements. *Dallas v. Holmes*, 137 Fed.Appx. 746, 750 (6th Cir. 2005) (citing *Wells v. Brown*, 891 F.2d 591, 594).

### III. ANALYSIS

In order to state a claim under § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by a person acting under color of law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Memphis, Tenn., Area Local, Am. Postal Workers Union, AFL/CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). The second element, which requires that the action be taken "under color of law" has been held to be mean that there must be a state action. *Watson v. Kenlick Coal Co., Inc.*, 498 F.2d 1183, 1185 (6th Cir. 1974) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 152 (1970); *United States v. Price*, 383 U.S. 787, 794 (1966)).

A plaintiff cannot assert a claim under § 1983 against a private party based on private conduct "no matter how discriminatory or wrongful" the party's conduct was. *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). In the event that a private party is subject to a claim pursuant to § 1983, the court must determine whether the party's challenged conduct is "fairly attributable to the state." *Wolotsky v. Huhn*,

960 F.2d 1331, 1335 (6th Cir. 1992) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

The Sixth Circuit recognizes three tests for determining whether a private party's conduct is fairly attributable to the state: the public functions test, the state compulsion test, and the nexus test. *Id.* at 1335; *See Lansing v. City of Memphis*, 202 F.3d 821 (6th Cir. 2000). In order to make a finding that the challenged conduct is attributable to the state, plaintiff need only show that the party's conduct and relationship with the state satisfies one of these tests. *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288 (2001).

The public function test requires that the private party is exercising powers traditionally exclusively reserved to the state, such as holding elections or eminent domain. *Wolotsky*, 960 F.2d at 1335. The public function test is essentially a historical test. *Ellison v. Garbarino*, 48 F.3d 192 (6th Cir. 1995).

The state compulsion test requires that the state exercise such coercive power or encouragement, that the decision to act was essentially a decision of the state. *Wolotsky*, 960 F.2d at 1335 (6th Cir. 1992); *See Bier v. Fleming*, 717 F.2d 308, 311 (6th Cir. 1983). More than mere approval or acquiescence by the state is required and if any discretion is left to the private party then this test is failed. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Ellison*, 48 F.3d at 196.

Under the nexus test, the conduct of a private party is attributable to the state when there is a "sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wolotsky*, 960 F.2d at 1335. Neither reliance on statutory rights nor mere cooperation rise to the level required for

the conduct of a private party to be attributable to the state. *Flagg*, 436 U.S. at 164-165; *Lansing*, 202 F.3d at 831. State regulation of a business may convert its conduct into state action if the plaintiff can demonstrate that there is a sufficient relationship between the regulatory scheme and the challenged action, but state regulation, even when extensive and detailed, does not by itself result in a finding of state action. *Crowder v. Conlan*, 740 F.2d 447 (6th Cir. 1984); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974); *Lansing*, 202 F.3d at 830 (6th Cir. 2000). In particular, "the mere fact that national banking associations are regulated by the Federal government does not make them subject to civil rights actions." *C.A.R. Leasing, Inc. v. First Lease, Inc.*, 394 F. Supp. 306, 310 (D. Ill. 1975).

In his Complaint, Plaintiff alleges that all of the Defendants acted under color of law. ECF Dkt. # 1, Attachment 1 at ¶ 44. However, Plaintiff does not allege any facts to support the allegation that the Bank Defendants acted under color of state law. "Mere conclusory statements that the defendants were acting under color of law is insufficient as we are not required to accept as true conclusory legal statements when determining whether a plaintiff has stated a claim under section 1983." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Plaintiff has made no allegations that the Bank Defendants were exercising powers traditionally reserved to the state, that they were coerced by the state, or that there was a close nexus between the Bank Defendants' conduct and the state. Thus, Plaintiff has not alleged a § 1983 cause of action against the private party Bank Defendants as required by the Sixth Circuit tests.

The Sixth Circuit tests, however, are only useful in cases in which there are no allegations of conspiracy or joint action between the private party and state actors. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir.

2004).  Private persons who conspire or jointly engage with a state actor to deprive a person of their civil rights are acting under the color of law for the purposes of § 1983.  *Dennis v. Sparks*, 449 U.S. 24 (1980); *see Cooper v. Parrish*, 203 F.3d 937, 952 n. 2 (6th Cir. 2000); *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989); *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985).

In this case, Plaintiff may have alleged that the Bank Defendants conspired with a state actor.  Plaintiff alleges that "all of the Defendants have maliciously combined to conspire to bring false criminal charges, harass, intimidate and defame Plaintiff and otherwise harm him for the improper purposes set forth above."  ECF Dkt. # 1, Attachment 1 at ¶¶ 45, 57.  In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "the court must construe the complaint in the light most favorable to the plaintiff."  *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir. 1995).  In addition, courts have held *pro se* pleadings to a less stringent standard. *Haines*, 404 U.S. at 520.[1]  Therefore, the undersigned will construe Plaintiff's above allegation to be an allegation that all of the Defendants conspired to commit a violation of § 1983, i.e. deprive Plaintiff of his civil rights, as well as stating a cause of action for civil conspiracy under state law.  Otherwise, Plaintiff would have no remaining federal claims against the Bank Defendants.

Civil conspiracy is an agreement between two or more persons to injure another person by an unlawful action.  *Hooks*, 771 F.2d at 943-944.  In order to sustain a cause of action for

---

[1]On the face of the complaint, Plaintiff bases the Court's jurisdiction upon § 1983, which only provides a cause of action for the violation of rights conferred by the Constitution and the laws of the United States.  Plaintiff's ground for jurisdiction fails to mention 42 U.S. C. § 1343, § 1983's jurisdictional counterpart.  However, since Plaintiff is a *pro se* litigant, the Court will take a more "judicious approach" and accept Plaintiff's grounds for jurisdiction under § 1983.  *Serrano v. Gonzalez*, 909 F.2d 8 (Puerto Rico 199); *Stambler v. Dillon*, 302 F. Supp. 1250, 1252 ( S.D.N.Y. 1969).

conspiracy under § 1983, Plaintiff must show that there was 1) a single plan, 2) that the alleged coconspirator shared in the general conspiratorial objective, and 3) that an overt act was committed in furtherance of the conspiracy that deprived Plaintiff of his civil rights. *Id.* Neither an express agreement is required, nor knowledge of all the details of the plan or its participants. *Id.* Nevertheless, in order to state a claim for conspiracy under § 1983, Plaintiff must plead to the conspiracy with some specificity, for "vague and conclusory allegations unsupported by material facts will not be sufficient to state [a] claim [for conspiracy] under § 1983." *Hickey v. Hollister*, 1994 U.S. LEXIS 4045 (6th Cir. 1994); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see Dallas*, 137 Fed.Appx. at 752; *Horton v. Martin*, 137 Fed.Appx. 773 (6th Cir. 2005).

In this action, Plaintiff loosely alleges that the Bank Defendants conspired with the Brimfield Defendants, which includes Brimfield Township and particular Brimfield police officers, to bring false criminal charges, harass, intimidate and defame Plaintiff and otherwise harm him for the purpose of depriving him of his civil rights. ECF Dkt. # 1, Attachment 1 at ¶¶ 45, 57. The relevant inquiry is whether there was a single plan to which the Bank Defendants agreed to with a state official and whether they shared a general conspiratorial objective.

Plaintiff alleges that all the Defendants "maliciously combined" with the Brimfield Defendants to injure him. However, he makes no factual allegations regarding an agreement or plan between the Bank Defendants and the other parties, nor does he state that the Bank Defendants had the objective to deprive him of his civil rights. *See id.* at ¶ 57. Plaintiff avers that the Bank Defendants froze the Church accounts at the request of Defendant Mundy, a private individual. *Id.* at ¶ 38. Nowhere in his complaint does Plaintiff allege that the Bank

-9-

Defendants agreed with Defendant Mundy to unlawfully injure Plaintiff, nor does he allege any agreement or plan between the Bank Defendants and Brimfield Township or its officers. As noted previously, a Plaintiff cannot proceed against a private party under § 1983 no matter how wrongful their conduct if they are not acting under color of law. *Tahfs*, 316 F.3d at 590. Plaintiff has not alleged any facts that would substantiate his allegation that the Bank Defendants acted under color of law. C.f. *Bahr v. County of Martin*, 771 F. Supp. 970 (D. Minn. 1991) (holding that a bank and its employees were not liable, as pleadings and affadavits failed to establish existence of a conspiracy or any plans of joint participation with public officials that would indicate that bank and its employees acted 'under color' of state law.) Therefore, Plaintiff has failed to allege a conspiracy under § 1983 against the Bank Defendants.

In conclusion, Plaintiff has not alleged any facts that would support an agreement by the Bank Defendants with state actors to deprive Plaintiff of his civil rights, nor any allegations that would implicate the Bank Defendants as state actors according to the other Sixth Circuit tests. Therefore, the allegations in Plaintiff's complaint and brief do not support a cause of action and Plaintiff has failed to state a claim for which relief may be granted under § 1983 as to Defendants Huntington National Bank and Terry Neal. Accordingly, the Court GRANTS Bank Defendants' motion to dismiss regarding Plaintiff's § 1983 claims with prejudice.

Further, because Plaintiff's remaining claims against the Bank Defendants, for abuse of process, malicious prosecution, and civil conspiracy, arise under state law, the Court declines to exercise jurisdiction over them pursuant to 28 U.S.C § 1331.

**IV.    CONCLUSION**

Based on the foregoing analysis, the Court GRANTS Defendants Huntington National

Bank and Terry Neal's motion to dismiss Plaintiff's complaint and dismisses the Complaint against these Defendants with prejudice as to Counts One and Four, insofar as it fails to state a cause of action for conspiracy under § 1983.  ECF Dkt. #s 1, Attachment 1, 11.  Furthermore, the Court declines to exercise jurisdiction over Plaintiff's remaining state law claims as to Defendants Huntington National Bank and Terry Neal and dismisses the Complaint against these Defendants without prejudice as to Counts Two, Three and Four, insofar as it states claims regarding other improper objectives alleged in the Complaint.  ECF Dkt. # 11.

IT IS SO ORDERED.

SIGNED and ENTERED on this 12th day of June, 2006.

    /s/George J. Limbert
GEORGE J. LIMBERT
United States Magistrate Judge