UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. ECKMEYER, | ) | CASE NO. 5:05CV2925 |
| | ) | |
| Plaintiff | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | GEORGE J. LIMBERT |
| | ) | |
| | ) | |
| BRIMFIELD TOWNSHIP | ) | MEMORANDUM OPINION AND ORDER |
| BOARD OF TRUSTEES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case is before the undersigned on a motion for summary judgment filed by Defendants Brimfield Township, the Brimfield Township Board of Trustees, the Brimfield Township Police Department, and police officers Sharon Hissom, William Reese, David Blough, and David Kinar (collectively "Police Defendants") . ECF Dkt. #28.  As of today's date, Plaintiff Kevin D. Eckmeyer has not filed a response to Police Defendants' motion.  For the reasons set forth below, the Court GRANTS the motion to dismiss filed by Police Defendants.

I.      **FACTUAL AND PROCEDURAL HISTORY**

In 2003, Kevin D. Eckmeyer ("Plaintiff") became the pastor of the Brimfield Community Church ("Church").  ECF Dkt. # 1, Attachment 1 at ¶ 12.  At some time, Plaintiff allegedly became aware of an attempted, fraudulent sale of Church property by Defendants Nora Hunt and Irene Jordan.  *Id*. at ¶ 15.  Plaintiff brought the sale to the attention of the Church members, who then voted to remove the offending members, Hunt and Jordan, from the Church.  *Id*. at ¶ 17.

Subsequently, they enlisted the aid of several other individuals, including Defendants Macel Mundy, John Klapp, and Debbie Klapp to remove Plaintiff as pastor of the Church.  *Id*. at ¶ 18.

Plaintiff also alleges that Defendants Nora Hunt, Irene Jordan, Macel Mundy, John Klapp, and Debbie Klapp, with the aid of Brimfield Township, the Brimfield Township Board of Trustees, the Brimfield Township Police Department, including officers Sharon Hissom, William Reese, David Blough, David Kinar and John Doe individually, brought false charges against Plaintiff regarding the alleged theft of a pool and the solemnization of marriages without a licence.  ECF Dkt. # 1, Attachment 1 at ¶¶ 21, 24.

Specifically, this case arises out of an incident concerning Jim Staab, the owner of "Blue Dolphin Pools" who allegedly failed to maintain his property, which was located next to the Church.  *See* ECF Dkt. #28, Attachment 1.  Staab's property had a pool on the premises.  *Id.* Based upon information from various individuals, including Luther Ayers, John Klapp, Nora Hunt and Irene Jordan, the police investigation indicated that Plaintiff removed the pool from Staab's property and erected the pool at Plaintiff's personal residence.  *Id.* at 4-7, 9-13, 17-18, 23-26, 32.  Staab advised the police officers that he had spoken with Plaintiff and several members of the Church, and he was told that the church members took the pool in August 2003.  *Id.*  The Church members believed it was abandoned and was causing a health concern. *Id.* Staab informed the police department that Plaintiff himself admitted to tearing down the pool and disposing of it. *Id.* at 25.  Plaintiff later informed Staab that the pool was located at a storage facility, but he refused to disclose where or to whom the facility was rented. *Id.* at 4. Plaintiff also told the Brimfield Police Department that he knew who took the pool and further admitted that he took the stairs and platform from the subject pool. *Id.* at 11.

The police file indicates that Nora Hunt advised the police department that she noticed the display pool missing from Staab's property, and later, on or about August 6, 2003, she noticed a pool had been recently installed at Plaintiff's residence. *Id.* at 5, 18.  This pool at Plaintiff's home was subsequently dismantled and hidden. *Id.*  Hunt claimed she heard that Plaintiff was advised to shred the pool. *Id.*  Irene Jordan informed the police department that on or about September 5, 2003, Plaintiff borrowed the sump pump from the church in order to drain the pool at his house. *Id.* at 5-6, 17.  Plaintiff then called Ms. Jordan, requesting her to go to his house to discuss what to do about the pool. *Id.*  During this meeting, Plaintiff's wife, Judy Eckmeyer, told Ms. Jordan she did not know it was wrong to take the pool. *Id.*  John Klapp and his wife, Debra, were invited to Plaintiff's house to swim in their "new pool." *Id.* at 6, 23-24.  When Mrs. Klapp asked Plaintiff's children about the pool, she was advised that it was the one from Staab's place. *Id.*

Further, Mr. Klapp also informed Detective Hissom that Plaintiff had married several couples without a minister's license. *Id.*  Plaintiff's wife advised the Detective that Plaintiff was only able to perform marriages through the Brady Lake Chapel, which no longer existed. *Id.*  Further, the issuance date of his license to perform marriage ceremonies through the Church was December 30, 2003. *Id.* at 14, 55.  Plaintiff had conducted at least four marriages prior to that date. *Id.* at 55-64.

Based upon this information, the Portage County Grand Jury indicted Plaintiff on one count of Receiving Stolen Property and four counts of Prohibition. Subsequent to the indictment, plaintiff was arrested at his home.  Plaintiff was then interviewed at the Brimfield Police Station by Chief Blough and Detective Hissom. *Id.* at 14-16.  After being advised of his rights, Plaintiff

told the officers that he had sent in the marriage license paperwork to be registered with the state in early December 2003, but the forms were returned because they were filled out incorrectly. *Id.* Regarding the pool, Plaintiff claimed an individual named Buddy Edwards took Staab's pool down and to a friend's home in Akron, Ohio. *Id.* at 14-15. In November 2004, Plaintiff was acquitted of receiving stolen goods, and in February 2005, the charge regarding the marrying of persons without a license was dismissed. ECF Dkt. # 1, Attachment 1 at ¶¶ 39-40.

On November 17, 2005, Plaintiff, *pro se*, filed a Complaint in the Court of Common Pleas in Summit County, Ohio, asserting claims under 42 U.S.C. § 1983, abuse of process, malicious prosecution, and civil conspiracy against Defendants. ECF Dkt. # 1, Attachment 1. On December 20, 2005, a notice of removal was filed by several of the Defendants. ECF Dkt. # 1. On February 8, 2006, the parties consented to the jurisdiction of the undersigned. ECF Dkt. # 23. On April 7, 2006, Defendants Brimfield Township, the Brimfield Township Board of Trustees, the Brimfield Township Police Department, and police officers Sharon Hissom, William Reese, David Blough, and David Kinar filed a motion for summary judgment. ECF Dkt. #28. Plaintiff has failed to file a response. *See Docket*.

## II. STANDARD OF REVIEW

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact. *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir. 1982). Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file,

> together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled to
> a judgment as a matter of law.

FED. R. CIV. P. 56(C).  In ruling on a motion for summary judgment, a court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).  A court cannot weigh the evidence or determine the truth of any matter in dispute.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists by informing the court of the basis for the motion, and must identify the portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)).  This initial burden can be discharged by the moving party by showing that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he or she bears the ultimate burden of proof at trial.  *See Celotex*, 477 U.S. at 323; *Morales v. Am. Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995).

If the moving party meets this burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment.  *See* FED. R. CIV. P. 56(e).  To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute.  *Celotex*, 477 U.S. at 322.  A mere scintilla of evidence is not enough.  *Anderson*, 477 U.S. at 252; *McLean v. Ont., Ltd.*, 224 F.3d

797, 800 (6th Cir. 2000). "Although the nonmoving party's evidence in opposition to summary judgment need not be of the sort admissible at trial, he must employ proof other than his pleadings and own affidavits to establish the existence of specific triable facts." *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990).

A movant is then entitled to summary judgment if the non-movant, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. *See Spells v. Cuyahoga Cmty. Coll.*, 889 F. Supp. 1023, 1026 (N.D. Ohio 1994). The district court does not have a duty to consider evidence in opposition to a summary judgment motion that the non-movant did not bring forth in opposition to the motion. *See Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907.

### III. ANALYSIS

Police Defendants argue that they are entitled to summary judgment on the issues of malicious prosecution, abuse of process, and civil conspiracy, and they are shielded by qualified immunity and further, that Plaintiff can prove no constitutional violation, nor a violation of a constitutional right and no policy or procedure that deprived him of a constitutional right. ECF Dkt. #28.

#### A. Malicious Prosecution

Plaintiff alleges that probable cause did not exist to support his arrest. ECF Dkt. #1, Attachment 1 at ¶¶ 1A, 48-49. Police Defendants argue that the grand jury indictment creates a presumption of probable cause. ECF Dkt. #28 at 4.

To prove a federal malicious prosecution claim, a plaintiff must show, at a minimum, that there was no probable cause to justify his arrest and prosecution. *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003) (internal citations omitted). "However, it has been long settled that 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer.'" *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006) (*quoting Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002)). No claim of malicious prosecution can survive the presence of probable cause. *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001).

In this case, Plaintiff was indicted by a Grand Jury in Portage County, Ohio for Receiving Stolen Property and Prohibition. *See* ECF Dkt. #28, Attachment 2 (Affidavit of David Blough). Therefore, because Plaintiff was indicted pursuant to a determination made by the grand jury, he has no basis for his constitutional claim.

### B. Qualified Immunity

Police Defendants argue that Blough, Hisson, Reese and Kinar are entitled to qualified immunity as to Plaintiff's 42 U.S.C. §1983 claim of excessive force to the extent that they are sued in their individual capacities. ECF Dkt. #28 at 7-12. Police Defendants contend that none of their actions constituted constitutional violations, that even if they did, no clearly established law existed at the time stating that their actions were unconstitutional and that their actions were not objectively unreasonable. *Id.* at 8.

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by a person acting under color of law. 42 U.S.C. § 1983; *See also Flagg*

*Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Memphis, Tenn., Area Local, Am. Postal Workers Union, AFL/CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). However, officials who are sued in their individual capacities are protected from liability for damages if their alleged wrongful conduct was committed while they performed a function protected by qualified immunity. *Cagle v. Gilley*, 957 F.2d 1347, 1348 (6th Cir. 1992).

Qualified immunity protects government officials performing discretionary functions as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1981). In order to assert a violation of a "clearly established" right and defeat a qualified immunity defense, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The relevant inquiry focuses on whether a reasonable official in the defendant's position could have believed his conduct to be lawful, considering the state of the law as it existed when the defendant took his challenged actions." *Poe v. Haydon*, 853 F.2d 418, 423-24 (6th Cir. 1988).

There is a two-step inquiry into a qualified immunity analysis. The first step is to determine whether "the plaintiff has demonstrated the violation of a constitutionally protected right." *Guest v. Leis*, 255 F.3d 325, 332 (6th Cir. 2001), citing *Brennan v. Township of Northville*, 78 F.3d 1152, 1154 (6th Cir. 1996). This initial inquiry requires the Court to determine whether the facts alleged, taken in a light most favorable to the party alleging injury, show that the official violated a constitutional right. *Saucier v. Katz*, 121 S. Ct. 2151, 2156 (2001). Even if Plaintiff establishes his allegations, if no constitutional right had been violated,

then qualified immunity applies and there is no need to proceed further in the qualified immunity process. *See id.* If a constitutional violation is found to exist, the Court must then determine "whether the right is so clearly established that a reasonable official would understand that what he is doing violates that right." *Anderson,* 483 U.S. at 640. This determination is made in light of the specific context of the case. *See Saucier,* 121 S. Ct. at 2156. To demonstrate that a right was clearly established, a plaintiff can draw from Supreme Court precedent, precedent from this Court, or cases from other courts which "point unmistakably to the unconstitutionality of the conduct and [are] so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct was unconstitutional." *Mumford v. Zieba*, 4 F.3d 429, 432-33 (6th Cir. 1993).

The Court uses an "objective reasonableness" standard to determine whether a government official would believe that a right is clearly established. *See Long v. Norris*, 929 F.2d 1111, 1115 (6th Cir. 1991), *abrogated on other grounds as recognized in Virgili v. Gilbert*, 272 F.3d 391, 395 (6th Cir. 2001). This standard "focuses on whether an official, given the facts that the official knew or reasonably should have known about the situation, should have known that his or her particular conduct would not pass scrutiny when applied to the law." *Id.* (citations omitted). The Court must analyze claims of qualified immunity on a fact-specific, case-by-case basis to determine whether the constitutional rights were so clearly established when the alleged misconduct was committed that any official in the defendant's position would understand that what he was doing violates those rights. *Anderson,* 483 U.S. at 640. It is the plaintiff who must ultimately shoulder the burden of proof to establish that a defendant is not entitled to qualified immunity. *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir.1991). It is the jury, not the

court, who decides factual disputes. However, the Court determines the application of qualified immunity to the facts because it is a question of law. *Jones v. City of Youngstown*, 980 F.Supp. 908, 913 (N.D. Ohio 1997), citing *Finnegan v. Fountain*, 915 F.2d 817 (2nd Cir.1990).

Plaintiff meets the first requirement of his 42 U.S.C. § 1983 claim because there is no dispute that Defendants Blough, Hisson, Reese and Kinar were acting under color of state law when they arrested and detained Plaintiff. *See* ECF Dkt. #1, Attachment 1 at ¶9; ECF Dkt. #28 at 1, 7. However, as to the second requirement, these Defendants argue that Plaintiff cannot show that any of them violated a constitutionally protected right. A prosecution based on probable cause does not violate the Constitution. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979). Probable cause is conclusively presumed when there has been a grand jury indictment. *Stanley v. City of Norton*, 124 Fed. Appx. 305 (6th Cir. 2005). In this case, there was a grand jury indictment. *See* ECF Dkt. #28, Attachment 2 (Affidavit of David Blough). Therefore, there was no constitutional violation. Accordingly, Police Defendants are entitled to qualified immunity for the claim of malicious prosecution.

### C. Municipal Liability

Defendant Brimfield Township argues for summary judgment, contending that the lack of proof of a constitutional violation by its employees and Plaintiff's inability to otherwise establish a custom or policy of using excessive force relieves them of any liability under 42 U.S.C. §1983. ECF Dkt. #28 at 12-13.

A plaintiff may sue a municipality or county under 42 U.S.C. §1983 for a constitutional violation. *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999). Specifically, a plaintiff can bring a 42 U.S.C. § 1983 claim when he is deprived "of any rights, privileges, or immunities

-10-

secured by the Constitution and laws," as a result "of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. However, a municipality cannot be found liable unless the plaintiff can establish that an officially executed policy, or the toleration of a custom within the municipality, leads to, causes, or results in the deprivation of a constitutionally protected right. *Monell*, 436 U.S. at 690-91. A municipal liability claim must be examined by applying a two-pronged inquiry:

(1) Whether the plaintiff has asserted the deprivation of a constitutional right; and

(2) Whether the municipality is responsible for that violation.

*Doe v. Claiborne County*, 103 F.3d 495, 505-506 (6th Cir.1996) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992)). Thus, "[i]t is a separate inquiry to establish whether a constitutional violation occurred, and whether a municipality bears responsibility." *Ford v. County of Oakland*, No. 00-2140, 35 Fed. Appx. 393, 2002 WL 987332 (6th Cir. May 13, 2002), unpublished, citing *Collins,* 503 U.S. at 121.

Because the Court finds that Plaintiff failed to establish a constitutional violation by Defendants Blough, Hisson, Reese and Kinar in their individual capacities, the Court also grants summary judgment to Defendant Brimfield Township on Plaintiff's malicious prosecution claim against it.[1] A municipality cannot be held liable under 42 U.S.C. §1983 based upon the theory of respondeat superior. *Bennett v. City of Eastpointe*, 410 F.3d 810, 818, citing *Monell v. Dept. of*

---

[1] Plaintiff names Brimfield Township, Brimfield Township Police Department and Brimfield Township Board of Trustees, as well as Blough, Hissom, Reese and Kinar in their official capacities as Defendants. All these named parties are treated as one entity ("Brimfield Township") pursuant to *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Hubbard v. Gross*, 2006 U.S. App. LEXIS 24558 (6th Cir. 2006).

*Soc. Servs. of the City of New York,* 436 U.S. 658, 658, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978). A government entity incurs liability under 42 U.S.C. § 1983 only when its failure to train or its specific policy has served as the "moving force" behind an underlying constitutional violation. *Monell,* 436 U.S. at 658.

Since Plaintiff has failed to establish a constitutional violation by Defendants Blough, Hisson, Reese and Kinar in their individual capacities, Defendant Brimfield Township cannot be held liable under 42 U.S.C. §1983 for having a policy or custom regarding arresting or prosecuting individuals without probable cause. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L.Ed.2d 806 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); *Hancock v. Dodson,* 958 F.2d 1367, 1376 (6th Cir. 1992) ("Because the only city police officer present committed no constitutional violation, the city cannot be liable for failure to train its police officers.").

Based on the foregoing, the undersigned finds that Plaintiff has failed to set forth sufficient evidence to establish a genuine issue of material fact that a constitutional violation occurred or that Police Defendants or Defendant Brimfield Township are responsible for such a violation.

### D.     Civil Conspiracy

Insofar as Plaintiff states a cause of action for conspiracy under 42 U.S.C. § 1983, the Court finds that summary judgment is appropriate.  Civil conspiracy is an agreement between two or more persons to injure another person by an unlawful action.  *Hooks v. Hooks*, 771 F.2d

935, 943-944 (6th Cir. 1985).  In order to sustain a cause of action for conspiracy under 42 U.S.C. § 1983, Plaintiff must show that there was 1) a single plan, 2) that the alleged coconspirator shared in the general conspiratorial objective, and 3) that an overt act was committed in furtherance of the conspiracy that deprived Plaintiff of his civil rights.  *Id.*  Neither an express agreement is required, nor knowledge of all the details of the plan or its participants.  *Id.*  Nevertheless, in order to state a claim for conspiracy under 42 U.S.C. § 1983, Plaintiff must plead to the conspiracy with some specificity, for "vague and conclusory allegations unsupported by material facts will not be sufficient to state [a] claim [for conspiracy] under § 1983." *Hickey v. Hollister*, 1994 U.S. LEXIS 4045 (6th Cir. 1994); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see Dallas*, 137 Fed.Appx. at 752; *Horton v. Martin*, 137 Fed.Appx. 773 (6th Cir. 2005).

In this action, Plaintiff alleges that Police Defendants conspired to bring false criminal charges, harass, intimidate and defame Plaintiff and otherwise harm him for the purpose of depriving him of his civil rights.  ECF Dkt. #1, Attachment 1 at ¶¶ 45, 57.  The relevant inquiry is whether there was a single plan to which the Police Defendants agreed and whether they shared a general conspiratorial objective.  Plaintiff alleges that all the Defendants "maliciously combined" to injure him; however, Plaintiff fails to bring forth evidence regarding an agreement or plan between the Police Defendants, nor does is there evidence to show that the Police Defendants had the objective to deprive him of his civil rights.  *See id.* at ¶ 57.  Furthermore, since there is no evidence to support a claim of malicious prosecution, there can be no conspiracy to achieve the same.  *See In re Orthopedic Bone Screw Products Liability Lit.*, 193 F.3d 781, 789 (3rd Cir. 1993).

**E.     State Law Claims of Malicious Prosecution, Abuse of Process and Civil Conspiracy**

In so far as Plaintiff's remaining claims against the Police Defendants, for abuse of process, malicious prosecution, and civil conspiracy, arise under state law, the Court declines to exercise jurisdiction over them pursuant to 28 U.S.C § 1331.

**IV.     CONCLUSION**

Based on the foregoing analysis, GRANTS Defendants' motion for summary judgment and DISMISSES Counts One, Two and Four of Plaintiff's Complaint based on 42 U.S.C. § 1983 against Defendants Brimfield Township, the Brimfield Township Board of Trustees, the Brimfield Township Police Department, and Defendants Hissom, Reese, Blough and Kinar in their personal and official capacities WITH PREJUDICE at Plaintiff's cost.

Furthermore, the Court declines to exercise jurisdiction over Plaintiff's remaining claims in so far as they allege state law violations of malicious prosecution, abuse of process and civil conspiracy as to these Defendants and DISMISSES Counts Two, Three and Four of Plaintiff's Complaint against Defendants Brimfield Township, the Brimfield Township Board of Trustees, the Brimfield Township Police Department, and police officers Sharon Hissom, William Reese, David Blough and David Kinar WITHOUT PREJUDICE.  ECF Dkt. #28.

IT IS SO ORDERED.

SIGNED and ENTERED on this 11th day of January, 2007.

 /s/George J. Limbert  
GEORGE J. LIMBERT  
United States Magistrate Judge