UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN D. ECKMEYER, | ) | CASE NO. 5:05CV2925 |
| | ) | |
| Plaintiff | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | GEORGE J. LIMBERT |
| | ) | |
| | ) | |
| BRIMFIELD TOWNSHIP | ) | MEMORANDUM OPINION AND ORDER |
| BOARD OF TRUSTEES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This case is before the undersigned on a motion for summary judgment filed by Defendant New Beginning Fellowship Church and a motion for summary judgment filed by Defendants Brimfield Community Church, Nora Hunt, Irene Jordan, John Klapp, Debbie Klapp, Macel Mundy, and Howard Thomas (collectively "Church Defendants").  ECF Dkt. #s 66-67. As of today's date, Plaintiff Kevin D. Eckmeyer ("Plaintiff") has not filed a response to these motions for summary judgment.  For the reasons set forth below, the Court GRANTS both motions for summary judgement.

I.      **FACTUAL AND PROCEDURAL HISTORY**

In 2003, Kevin D. Eckmeyer became the pastor of the Brimfield Community Church ("Church").  ECF Dkt. # 1, Attachment 1 at ¶ 12.  At some time, Plaintiff allegedly became aware of an attempted, fraudulent sale of Church property by Defendants Nora Hunt and Irene Jordan.  *Id.* at ¶ 15.  Plaintiff brought the sale to the attention of the Church members, who then

-1-

voted to remove the offending members, Nora Hunt and Irene Jordan, from the Church.  *Id*. at ¶ 17.  Subsequently, Nora Hunt and Irene Jordan enlisted the aid of several other individuals, including Defendants Macel Mundy, John Klapp, and Debbie Klapp to remove Plaintiff as pastor of the Church.  *Id*. at ¶ 18.

Plaintiff also alleges that Defendants Nora Hunt, Irene Jordan, Macel Mundy, John Klapp, and Debbie Klapp, with the aid of Brimfield Township, the Brimfield Township Board of Trustees, the Brimfield Township Police Department, including officers Sharon Hissom, William Reese, David Blough, David Kinar and John Doe individually, brought false charges against Plaintiff regarding the alleged theft of a pool and the solemnization of marriages without a licence.  ECF Dkt. # 1, Attachment 1 at ¶¶ 21, 24.

Specifically, this case arises out of an incident concerning Jim Staab, the owner of "Blue Dolphin Pools" who allegedly failed to maintain his property, which was located next to the Church.  *See* ECF Dkt. #28, Attachment 1.  Staab's property had a pool on the premises.  *Id.* Based upon information from various individuals, including Luther Ayers, John Klapp, Nora Hunt and Irene Jordan, the police investigation indicated that Plaintiff removed the pool from Staab's property and erected the pool at Plaintiff's personal residence.  *Id.* at 4-7, 9-13, 17-18, 23-26, 32.  Staab advised the police officers that he had spoken with Plaintiff and several members of the Church, and he was told that the church members took the pool in August 2003.  *Id.*  The Church members believed it was abandoned and was causing a health concern. *Id.* Staab informed the police department that Plaintiff himself admitted to tearing down the pool and disposing of it. *Id.* at 25.  Plaintiff later informed Staab that the pool was located at a storage facility, but he refused to disclose where or to whom the facility was rented. *Id.* at 4. Plaintiff

also told the Brimfield Police Department that he knew who took the pool and further admitted that he took the stairs and platform from the subject pool. *Id.* at 11.

The police file indicates that Nora Hunt advised the police department that she noticed the display pool missing from Staab's property, and later, on or about August 6, 2003, she noticed a pool had been recently installed at Plaintiff's residence. *Id.* at 5, 18.  This pool at Plaintiff's home was subsequently dismantled and hidden. *Id.*  Nora Hunt claimed she heard that Plaintiff was advised to shred the pool. *Id.*  Irene Jordan informed the police department that on or about September 5, 2003, Plaintiff borrowed the sump pump from the church in order to drain the pool at his house. *Id.* at 5-6, 17.  Plaintiff then called Irene Jordan, requesting her to go to his house to discuss what to do about the pool. *Id.*  During this meeting, Plaintiff's wife, Judy Eckmeyer, told Irene Jordan she did not know it was wrong to take the pool. *Id.*  John Klapp and his wife, Debra, were invited to Plaintiff's house to swim in their "new pool." *Id.* at 6, 23-24. When Debra Klapp asked Plaintiff's children about the pool, she was advised that it was the one from Staab's place. *Id.*  Mr. Klapp informed Detective Hissom that Plaintiff had married several couples without a minister's license. *Id.*  Further, the issuance date of his license to perform marriage ceremonies through the Church was December 30, 2003. *Id.* at 14, 55.  Plaintiff had conducted at least four marriages prior to that date. *Id.* at 55-64.

Based upon this information, the Portage County Grand Jury indicted Plaintiff on one count of Receiving Stolen Property and four counts of Prohibition.  However, in November of 2004, Plaintiff was acquitted of receiving stolen goods, and in February of 2005, the charge regarding the marrying of persons without a license was dismissed.  ECF Dkt. # 1, Attachment 1 at ¶¶ 39-40.

On November 17, 2005, Plaintiff, *pro se*, filed a Complaint in the Court of Common Pleas in Summit County, Ohio, asserting claims under 42 U.S.C. § 1983, abuse of process, malicious prosecution, and civil conspiracy against numerous Defendants.  ECF Dkt. #1, Attachment 1.  On December 20, 2005, a notice of removal was filed by several of the Defendants.  ECF Dkt. #1.  On February 8, 2006, the parties consented to the jurisdiction of the undersigned.  ECF Dkt. #23.  On May 12, 2006, Defendants Huntington National Bank and Terry Neal were dismissed from the case.  ECF Dkt. #39-40.  On January 11, 2007, the Court dismissed with prejudice the federal claims and dismissed without prejudice the remaining state law claims against Defendants Brimfield Township, the Brimfield Township Board of Trustees, the Brimfield Township Police Department, and Defendants Hissom, Reese, Blough and Kinar in their personal and official capacities.  ECF Dkt. #64-65.

On January 18, 2007, Defendant New Beginning Fellowship Church filed a motion for summary judgment based on the Court's January 11, 2007 Order.  ECF Dkt. #66.  Also, on the same date, Defendants Brimfield Community Church, Nora Hunt, Irene Jordan, John Klapp, Debbie Klapp, Macel Mundy, and Howard Thomas filed a motion for summary judgment based on the Court's January 11, 2007 Order.  ECF Dkt. #67.  Plaintiff has failed to file a response to either motion.  *See Docket*.

## II.    STANDARD OF REVIEW

The function of summary judgment is to dispose of claims without trial when one party is unable to demonstrate the existence of a factual dispute which, if present, would require resolution by a jury or other trier of fact.  *Schultz v. Newsweek, Inc.*, 668 F.2d 911, 918 (6th Cir. 1982).  Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions

-4-

and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). In ruling on a motion for summary judgment, a court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). A court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists by informing the court of the basis for the motion, and must identify the portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)). This initial burden can be discharged by the moving party by showing that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he or she bears the ultimate burden of proof at trial. *See Celotex*, 477 U.S. at 323; *Morales v. Am. Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995).

If the moving party meets this burden, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* FED. R. CIV. P. 56(e). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the

necessity of a trial for resolving a material, factual dispute.  *Celotex*, 477 U.S. at 322.  A mere

scintilla of evidence is not enough.  *Anderson*, 477 U.S. at 252; *McLean v. Ont., Ltd.*, 224 F.3d

797, 800 (6th Cir. 2000).  "Although the nonmoving party's evidence in opposition to summary

judgment need not be of the sort admissible at trial, he must employ proof other than his

pleadings and own affidavits to establish the existence of specific triable facts."  *Ashbrook v.*

*Block*, 917 F.2d 918, 921 (6th Cir. 1990).

A movant is then entitled to summary judgment if the non-movant, having had sufficient

opportunity for discovery, has no evidence to support an essential element of his or her case.  *See*

*Spells v. Cuyahoga Cmty. Coll.*, 889 F. Supp. 1023, 1026 (N.D. Ohio 1994).  The district court

does not have a duty to consider evidence in opposition to a summary judgment motion that the

non-movant did not bring forth in opposition to the motion.  *See Doddy v. Oxy USA, Inc.*, 101

F.3d 448, 463 (5th Cir. 1996).  The Court's role is limited to determining whether the case

contains sufficient evidence from which a jury could reasonably find for the non-moving party.

*Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907.

### III.  ANALYSIS

Church Defendants argue that they are entitled to summary judgment on the state law

claims of malicious prosecution, abuse of process, and civil conspiracy.  ECF Dkt. #s 66-67.

Plaintiff states four causes of action in his Complaint, but Church Defendants are only named in

Count 3 - abuse of process and Count 4 - civil conspiracy.  ECF Dkt. #1 at 13-14.  Although

Church Defendants provide no law or analysis in their motions, the Court finds that it is clear

from the case law that Church Defendants are entitled to summary judgment on the counts in

which they are named.

### A.     Civil Conspiracy[1]

In so far as Plaintiff states a cause of action in Count 4 for civil conspiracy under 42 U.S.C. § 1983, the Court finds that summary judgment is appropriate.  Civil conspiracy is an agreement between two or more persons to injure another person by an unlawful action.  *Hooks v. Hooks*, 771 F.2d 935, 943-944 (6th Cir. 1985).  In order to sustain a cause of action for conspiracy under 42 U.S.C. § 1983, Plaintiff must show that there was 1) a single plan, 2) that the alleged coconspirator shared in the general conspiratorial objective, and 3) that an overt act was committed in furtherance of the conspiracy that deprived Plaintiff of his civil rights.  *Id.* Neither an express agreement is required, nor knowledge of all the details of the plan or its participants.  *Id.*  Nevertheless, in order to state a claim for conspiracy under 42 U.S.C. § 1983, Plaintiff must plead to the conspiracy with some specificity, for "vague and conclusory allegations unsupported by material facts will not be sufficient to state [a] claim [for conspiracy] under § 1983."  *Hickey v. Hollister*, 1994 U.S. LEXIS 4045 (6th Cir. 1994); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see Dallas*, 137 Fed.Appx. at 752; *Horton v. Martin*, 137 Fed.Appx. 773 (6th Cir. 2005).

In this action, Plaintiff alleges that all of the Defendants conspired to bring false criminal charges, harass, intimidate and defame Plaintiff and otherwise harm him for the purpose of depriving him of his civil rights.  ECF Dkt. #1, Attachment 1 at ¶¶ 45, 57.  The relevant inquiry is whether there was a single plan to which Church Defendants agreed and whether they shared a general conspiratorial objective.  Plaintiff alleges that all the Defendants "maliciously combined"

---

[1]        Consistent with the Court's previous rulings, the Court will treat Plaintiff's Complaint as asserting both federal and state causes of action for Count 4 - civil conspiracy.

to injure him; however, Plaintiff fails to bring forth evidence regarding an agreement or plan between Church Defendants, nor does is there evidence to show that Church Defendants had the objective to deprive him of his civil rights.  *See id.* at ¶ 57.  Furthermore, in order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by a person acting under color of law.  42 U.S.C. § 1983; *See also Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Memphis, Tenn., Area Local, Am. Postal Workers Union, AFL/CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). Plaintiff fails to meet the first requirement of his 42 U.S.C. § 1983 claim because there are no persons acting under color of state law remaining in the case.  *See* ECF Dkt. #64-65.

> **B.     State Law Claims of Malicious Prosecution, Abuse of Process and Civil Conspiracy**

In so far as Plaintiff's remaining claims against Church Defendants in Count 3, for abuse of process and Count 4, for civil conspiracy, arise under state law, the Court declines to exercise jurisdiction over them pursuant to 28 U.S.C § 1331.[2]

**IV.     CONCLUSION**

Based on the foregoing analysis, the Court GRANTS Church Defendants' motions for summary judgment and DISMISSES WITH PREJUDICE Count Four of Plaintiff's Complaint

---

[2]        Even though Church Defendants request summary judgment on the state law counts of abuse of process, civil conspiracy and malicious prosecution, Church Defendants are not named in the Count of malicious prosecution.  But even if they were, the Court has previously determined that in so far as Plaintiff attempted to state a federal cause of action for malicious prosecution, it fails and the Court declined to exercise jurisdiction over the state law malicious prosecution claim. *See* ECF Dkt. #64-65; *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).

based on 42 U.S.C. § 1983 against Defendant New Beginning Fellowship and Defendants Brimfield Community Church, Nora Hunt, Irene Jordan, John Klapp, Debbie Klapp, Macel Mundy, and Howard Thomas at Plaintiff's cost.

Furthermore, the Court declines to exercise jurisdiction over Plaintiff's remaining claims in so far as they allege state law violations of abuse of process in Count 3 and civil conspiracy in Count 4 as to these Defendants and therefore DISMISSES WITHOUT PREJUDICE Counts Three and Four of Plaintiff's Complaint against Defendant New Beginning Fellowship Church and Defendants Brimfield Community Church, Nora Hunt, Irene Jordan, John Klapp, Debbie Klapp, Macel Mundy, and Howard Thomas.  ECF Dkt. #s 66-67.

IT IS SO ORDERED.

SIGNED and ENTERED on this <u>28th</u> day of February, 2007.

 */s/George J. Limbert*  
GEORGE J. LIMBERT  
United States Magistrate Judge